UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE OHIO SECURITY INSURANCE COMPANY,<br><br>                            Plaintiff,<br>    -against-<br><br><br>KINSALE INSURANCE COMPANY and BLACK BULL BUILDERS LLC,<br><br>                            Defendants. | **AMENDED COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil Case No.: 1:24-cv-00149-PKC |

Plaintiff The Ohio Security Insurance Company ("Ohio Security" and/or "Plaintiff") by their attorneys Gerber Ciano Kelly Brady LLP, seeks a declaratory judgment against Defendant Kinsale Insurance Company ("Kinsale") and Black Bull Builders LLC ("Black Bull") upon information and belief, respectfully allege the following:

## NATURE OF THE COMPLAINT

1. In this action, Ohio Security seeks a declaration that Kinsale is obligated to defend Equinox Hudson Yards, Inc.; Equinox Holding Inc.; Ery Tenant LLC c/o The Related; Ery North Tower RHC Tenant LLC; Eclipse Development Inc.; The Related Companies, LP., (collectively "Tendering Parties") in connection with an underlying action asserting claims for bodily injuries allegedly sustained by the underlying plaintiff, James Louis Nees ("Nees" or "Claimant").

2. This declaratory judgment action arises out of an underlying personal injury action captioned as *James Louis Nees v. Equinox Hudson Yards, Inc., et al.,* venued in Supreme Court of New York, New York County, Index Number 156032/2020 ("Underlying Action").

3. Nees alleges bodily injuries as a result of a trip and fall on April 29, 2019, while walking on temporary flooring installed by Black Bull Builders, LLC ("Black Bull") at 32 and/or

35 Hudson Yards (specifically the "E" Tower) ("Premises") during the course of his employment with Atlantic Exterior Wall Systems LLC ("Atlantic Exterior").

4. Black Bull entered into an agreement with Eclipse Development Corporation c/o Equinox Holdings, Inc., General Corporation, the Owner, to perform work at Equinox Fitness Club – 35 Hudson Yards.

5. The Black Bull Agreement required procuring and adding Tendering Parties as additional insureds, among other things.

6. Black Bull's insurer, Kinsale, has wrongfully denied and/or ignored Tendering Parties' tenders and their duty to defend the Tendering Parties in the Underlying Action. Based on the foregoing, there is a justiciable controversy between Plaintiff and Defendant which is ripe for adjudication.

## PARTIES

7. Ohio Security is a corporation organized and existing under the laws of the State of New Hampshire with its place of business located at 175 Berkley Street, Boston, Massachusetts.

8. At all times hereinafter mentioned, Ohio Security is domiciled in the State of New Hampshire.

9. Kinsale is corporation organized and existing under the laws of the State of Arkansas with its place of business located in Richmond, Virginia.

10. Kinsale maintains its principal place of business in Richmond, Virginia.

11. Black Bull is a limited liability company organized under the laws of the State of New York, and maintains its principal place of business at 580 8th Avenue, New York, New York.

12. Black Bull Builders LLC is comprised of two individual members. The members are Nada Pjetri and Nikolla Pjetri.  Nada Pjetri is a natural person residing at 1215 McKeel Street, Yorktown Heights, New York and is citizen of the State of New York. Nikolla Pjetri is a natural

person residing at 1215 McKeel Street, Yorktown Heights, New York and is citizen of the State of New York.

13. Black Bull is a nominal party in interest.

## VENUE

14. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

15. Venue in this Judicial District is proper pursuant to 28 U.S.C. 1391(a)(2) as it is the Judicial District in which the Underlying Actions was venued in New York State Supreme Court, New York County.

## BACKGROUND FACTS

16. Ohio Security issued a commercial general liability and Commercial Property to Atlantic Exterior that was in effect on the date of the underlying loss, April 29, 2019.

17. On September 1, 2018, Eclipse Development Corporation c/o Equinox Holdings, Inc., General Corporation entered into an agreement with Atlantic Exterior to perform services at the Premises, including but not limited to tile and stonework to be done at Equinox – Club, 35 Hudson Yards ("35 Hudson Project"), **Exhibit "A"** ("Atlantic Agreement").

18. On October 8, 2018, Eclipse Development Corporation c/o Equinox Holdings, Inc., General Corporation entered into an agreement with Black Bull Builders, LLC to perform services at Equinox Fitness Club – 35 Hudson Yards, which is annexed hereto as **Exhibit "B"** ("Black Bull Agreement").

19. Black Bull purchased a commercial general liability insurance policy from Kinsale, that was in effect on April 29. 2019.

20. The Black Bull Agreement, Articles 15 and 16, required Black Bull to include the Tendering Parties as additional insureds on its policies of insurance.

21. The Black Bull Agreement §15.5 Insurance and Bonds provision regarding insurance coverage provides as follows:

> §15.5.1 The Owner and the Contractor shall purchase and maintain insurance as set forth in AIA Document A 103™-2017, Standard Form of Agreement Between Owner and Contractor where the basis of payment is the Cost of the Work Plus a Fee without a Guaranteed Maximum Price, Exhibit A, Insurance and Bonds, and elsewhere in the Contract Documents.

22. AIA Document A103™-2017, Exhibit A, Insurance and Bonds contains the following provisions under Article A.3 Contractor's Insurance and Bonds, which provides as follows:

> §**A.3.1 General**
> §**A.3.1.1 Certificates of Insurance.** The Contractor shall provide certificates of insurance acceptable to the Owner evidencing compliance with this Article A.3 at the following times: (1) prior to commencement of the Work; (2) upon renewal or replacement of each required policy of insurance; and (3) upon the Owner's written request. An additional certificate evidencing continuation of commercial liability coverage, including coverage for completed operations, shall be submitted with the final Application for Payment and thereafter upon renewal or replacement of such coverage until the expiration of the periods required by Section A.3.2.1 and Section A.3.3.1. The certificates will show the Owner as an additional insured on the Contractor's Commercial Liability and excess or umbrella liability policy or policies.
>
> ***
>
> §**A.3.1.3 Additional Insured Obligations.** To the fullest extent permitted by law, the Contractor shall cause the commercial general liability coverage to include (1) the Owner, the Architect, and the Architect's consultants as additional insureds for claims caused in whole or in part by the Contractor's negligent acts or omissions during the Contractor's operations; and (2) the Owner as an additional insured for claims caused in whole or in part by the Contractor's negligent acts or omissions for which loss occurs during completed operations. The additional insured coverage shall be primary and non-contributory to any of the Owner's general liability insurance policies and shall apply to both ongoing and completed

operations. To the extent commercially available, the additional insured coverage shall be no less than that provided by Insurance Services Office, Inc. (ISO) forms CG 20 10 07 04, CG 20 37 07 04, and, with respect to the Architect and the Architect's consultants, CG 20 32 07 04.

23. **§A.3.1** of Exhibit A requires Black Bull to maintain insurance until, at minimum, until the final completion of operations and to name the Tendering Parties as additional insureds on Black Bull's commercial general liability policy on a primary and non-contributory basis.

24. Article 16 of the Black Bull Agreement states that the Agreement is comprised on the AIA Document A201™-2017, General Conditions of the Contract for Construction, which states as follows:

> **ARTICLE 11 INSURANCE AND BONDS**
>
> **§11.1.1** The Contractor shall purchase and maintain insurance of the types and limits of liability, containing the endorsements, and subject to the terms and conditions, as described in the Agreement or elsewhere in the Contract Documents. The Contractor shall purchase and maintain the required insurance from an insurance company or insurance companies lawfully authorized to issue insurance in the jurisdiction where the Project is located. The Owner, Architect, and Architect's consultants shall be named as additional insureds under the Contractor's commercial general liability policy or as otherwise described in the Contract Documents.

25. The Black Bull Agreement also incorporates Exhibit B – Hudson Yards Insurance Requirement.

26. Exhibit B is Equinox Holdings, Inc.'s Certificate of Insurance Check list for the Equinox Hudson Yards Clubs, where contains a list of Additional Insureds to be listed to included on the commercial general liability policy on a primary and noncontributory basis.

27. The Black Bull Agreement requires Black Bull to name the Tendering Parties as additional insureds on Black Bull's primary commercial general liability policies, as well as any policy covering completed operations.

28. The Tendering Parties and Black Bull are all parties to the Underlying Action.

29. The Underlying Action alleges Black Bull was negligent and liable for the incident that occurred on April 29, 2019.

30. Kinsale provides general liability insurance coverage to Black Bull for the Underlying Action.

31. On October 1, 2020, Kinsale denied coverage to Black Bull for the Underlying Action.

32. On September 22, 2022, Liberty, on behalf of Ohio Security and the Tendering Parties, tendered a request for defense and indemnity to Black Bull and its insurer, Kinsale.

33. On June 15, 2023, Liberty, on behalf of Ohio Security and the Tendering Parties, reiterated its tender for defense and indemnification to Black Bull and its insurer, Kinsale.

34. On September 1, 2023, Kinsale, on behalf of Black Bull, wrongfully denied and has refused to provide coverage to the Tendering Parties' alleging no additional insured and contractual indemnity obligations based on several exclusions in the Kinsale Policy.

35. Ohio Security alleges that Kinsale owes coverage to the Tendering Parties in the Underlying Action on a primary and non-contributory basis.

36. Tendering Parties have a direct contractual relationship with Black Bull.

37. Ohio Security has and will continue to incur damages as a direct result of Kinsale's wrongful declination of coverage and their failure to provide defense to the Tendering Parties in the Underlying Action.

38. Accordingly, a justiciable controversy exists between Ohio Security and Kinsale that is ripe for adjudication.

## COUNT I

### DECLARATORY JUDGMENT
### AS AGAINST KINSALE

39. Ohio Security repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" above and incorporates them by references as if fully set forth herein.

40. The Black Bull Agreement requires Black Bull to name the Tendering Parties as additional insureds under the Kinsale policy on a primary and non-contributory basis.

41. Tendering Parties qualify as additional insureds under the Kinsale Policy issued to Black Bull.

42. The allegations asserted against the Tendering Parties in the Underlying Action trigger Kinsale's duty to defend Tendering Parties in the Underlying Action pursuant to the terms and conditions of the applicable Kinsale Policy issued to Black Bull.

43. Kinsale's declination or disclaimer of coverage to Ohio Security on September 1, 2023, was improper under the terms and conditions of the Kinsale Policy issued to Black Bull and in breach of the terms and conditions of the policy Kinsale.

44. Kinsale's declination and/or disclaimer of coverage to Ohio Security on September 1, 2023 was improper and untimely under New York Insurance Law §3420.

45. Kinsale failed to copy any party on its disclaimer.

46. Kinsale's disclaimer is defective and void pursuant to Insurance Law § 3420.

47. Ohio Security is therefore entitled to a declaration that Kinsale has a duty to defend Tendering Parties in the Underlying Action.

48. Ohio Security is also entitled to reimbursement of and contribution to any and all defense fees and costs incurred in defending Tendering Parties in the Underlying Action.

## COUNT II

### QUANTUM MERUIT/UNJUST ENRICHMENT
### AS AGAINST KINSALE

49. Ohio Security repeats, reiterate and reallege each and every allegation contained in paragraphs "1" through "48" of this Complaint with the same force and effort as if fully set forth herein.

50. As a matter of law, the Kinsale Policy issued by Kinsale affords the Tendering Parties coverage for the Underlying Action.

51. Because of Kinsale's improper refusal to defend the Tendering Parties in the Underlying Action, Ohio Security is required to continue to protect the interests of the Tendering Parties, and in doing so, provide a defense in the Underlying Action.

52. Ohio Security's continued contribution to the defense of the Tendering Parties is made and necessitated solely as a product of Kinsale's breach of its contractual obligation to defend the Tendering Parties as required by the Black Bull Agreement.

53. As a result of the defense of the Tendering Parties having been undertaken at the expense of Ohio Security, Plaintiff was required to fund these amounts itself because it failed to do so. As such, Kinsale have been unjustly enriched.

## COUNT III

### DECLARATORY JUDGMENT FOR BREACH OF INSURANCE

54. Ohio Security repeats, reiterate and reallege each and every allegation contained in paragraphs "1" through "53" of this Complaint with the same force and effort as if fully set forth herein.

55. Kinsale has waived and/or are estopped from raising any coverage defenses they may have had under the policy pursuant to New York Insurance Law §3420 and common law.

56. Kinsale did not provide its insureds, the Tending Parties; and/or any other claimant with timely notice of any disclaimer or denial of coverage based on its policy.

57. Despite the coverage obligations, Kinsale wrongfully failed to provide timely notice of their disclaimer to all parties and claimants for purposes of the Insurance Law.

58. Accordingly, Ohio Security seeks a declaration from this Court that Kinsale has failed to timely deny coverage and/or are barred by New York Insurance Law.

## COUNT IV

## EQUITABLE SUBROGATION

59. Ohio Security repeats and incorporates by reference the allegations contained with paragraphs "1" through "58" above as if fully set forth herein.

60. Ohio Security is making significant payments to defend and resolve the claims asserted against the Tendering Parties in the Underlying Action as a result of Kinsale's failure to undertake a duty to defend of the Tendering Parties in the Underlying Action when it had numerous opportunities to do so.

61. Because of Kinsale's breach that resulted in Ohio Security to incur, and continue to incur, defense expenses to protect the interests of the Tendering Parties, and consistent with the equitable subrogation right afforded to Ohio Security, Ohio Security is subrogated to the rights of the Tendering Parties and Ohio Security is entitled to recover from Kinsale the amount incurred by Ohio Security to provide a defense in the Underlying Action.

62. Because of Kinsale's breach that resulted in defense related expenses by Ohio Security to protect the interests of the Tendering Parties, and consistent with the equitable subrogation right afforded to Ohio Security under New York law, Ohio Security is subrogated to the rights of the Tendering Parties and Ohio Security is entitled to reimbursement of all defense

fees, in addition to other damages including attorney fees to be determined at trial, interest and other expenses in connection with the Underlying Action.

63. Should this Court not find that Ohio Security is entitled to full reimbursement of all defense fees, Ohio Security is entitled to reimbursement and participation by Kinsale based on equitable subrogation.

## COUNT V
## STATUTORY INTEREST

64. Ohio Security repeats, reiterates and realleges each and every allegation contained in paragraphs '1' through "63" above and incorporates them by reference as if fully set forth herein.

65. Because Kinsale owes a duty to defend, the Court should declare that Plaintiff is entitled to reimbursement for the defense costs incurred by Plaintiff from date of tender.

66. Plaintiff is entitled to a judgment on fees incurred in defending the Underlying action, any judgment, and statutory interest as interest shall be recovered upon a sum awarded because of breach of contract.

**WHEREFORE**, Plaintiff demands that a declaratory judgment be made and entered herein, adjudging and decreeing as follows:

(i) That the Tendering Parties are entitled to defense and indemnity for the Underlying Action;

(ii) That the aforementioned Kinsale Policy affords primary coverage to the Tendering Parties on the claim of personal injuries and other claims arising therefrom, as alleged in the Underlying Action and that Kinsale is therefore obligated to insure, defend and indemnity the Tendering Parties in the Underlying Action without any contribution by the Tendering Parties and/or Plaintiff;

(iii)   That the aforementioned Kinsale Policy affords primary coverage to the Tendering Parties on the claim of personal injuries and other claims arising therefrom, as alleged in the Underlying Action and that is not implicated until exhaustion of all coverage maintained by Black Bull;

(iv)   That Kinsale is obligated to reimburse Plaintiff for attorney's fees, costs, disbursements, and other expenses incurred in the defense of the Tendering Parties in the Underlying Action plus statutory interest; and

(v)   That Plaintiff be granted such other, further, and different relief in the declaration of rights of the parties to this action as this Court may deem just, proper and equitable, including but not limited to attorney's fees costs and disbursements herein.

DATED:   January 23, 2024

By:   Gerber Ciano Kelly Brady LLP

*Joanna M. Roberto*

_____
Joanna M. Roberto
Attorney for Plaintiff
T: 516.329.9403
E: jroberto@gerberciano.com